UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>  Plaintiff,<br><br>  v.<br><br>CORRECTIONAL HEALTH SERVICES, et al.,<br><br>  Defendants. | No. 2:21-cv-00922 DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to plaintiff's eye pain in violation of his Eighth Amendment rights. Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening. (ECF No. 8.)

For the reasons set forth below, plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**III.    Allegations in the Complaint**

Plaintiff indicates that, at all relevant times, he was an inmate at Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 8 at 5.) Plaintiff identifies as defendants Dr. Robert Padilla, Nurse Practitioner Gladys Mencias, and Nurse Practitioner Jim Holt. (Id. at 1.)

The FAC contains the following allegations: Upon being transferred to RCCC on April 23, 2021, plaintiff submitted "medical kites" concerning pain and discoloration on his eyelid. (Id.) Plaintiff was seen by defendant Holt who told plaintiff that he was placed on a list to be seen by a doctor. (Id. at 1-2.) Plaintiff was not seen by a doctor until June 9, 2021. (Id.) On that date, plaintiff had "a face time call with a dermatologist" who requested plaintiff be referred to an ophthalmologist. (Id.) Defendant Mencias, who is the senior nurse in charge of referrals, did not refer plaintiff until July 15, 2021, when defendant referred plaintiff to an Ear, Nose, and Throat ("ENT") specialist. (Id. at 3.) Plaintiff was referred to an ENT doctor because "[defendant] Mencias chose to countermand a DR's [sic] order for opthamology [sic]." (Id.)

A growth later determined to be basal carcinoma was removed from plaintiff's eyelid "six months after [plaintiff] asked to be seen…." (Id. at 4.) However, plaintiff's eye pain and vision issues were not addressed. (Id.) Plaintiff "brought this up" to defendant Holt but was informed that "my issues where [sic] being taken care of and if I put in any more kites or asked anymore, I was going to 'get in trouble'." (Id.) Plaintiff was not seen by a doctor again until sometime after December 2021. (Id.) At that time the doctor, who was not an ophthalmologist, diagnosed plaintiff with chronic dry eye and prescribed a cream for plaintiff to use at night. (Id. at 4-5.) Subsequently, plaintiff requested alternative treatment as "the creame [sic] is not working" but at the time of filing the FAC, he had not received a response. (Id. at 5.)

Plaintiff claims that he is in daily pain and has persistent vision problems that remain untreated. (Id. at 6.) Plaintiff seeks relief in the form of ten million dollars in punitive damages and to "have my case added to the Mays vs Sacramento oversight committee…." (Id.)

**IV.   Does Plaintiff State a Claim under § 1983?**

    **A. Eighth Amendment**

        **1. Legal Standards for Medical Needs Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

1   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
2   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
3   by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.
4         If a prisoner's Eighth Amendment claim arises in the context of medical care, including
5   mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to
6   evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth
7   Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
8   the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059
9   (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th
10  Cir. 1997) (en banc).
11        A medical need is serious "if the failure to treat the prisoner's condition could result in
12  further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974
13  F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include
14  "the presence of a medical condition that significantly affects an individual's daily activities." Id.
15  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the
16  objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.
17  825, 834 (1994).
18        If a prisoner establishes the existence of a serious medical need, he must show that prison
19  officials responded to the serious medical need with deliberate indifference. See Id. at 834.  In
20  general, deliberate indifference may be shown when prison officials deny, delay, or intentionally
21  interfere with medical treatment, or may be shown by the way in which prison officials provide
22  medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).
23        Before it can be said that a prisoner's civil rights have been abridged with regard to
24  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
25  'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
26  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also
27  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
28  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

5

Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 1. Analysis of Medical Needs Claim

#### i. Defendants Mencias and Holt

Plaintiff has alleged at least minimally sufficient facts to state a cognizable medical needs claim against defendants Mencias and Holt.  Under the facts alleged, both defendants were aware of plaintiff's difficulty with his eye but still delayed and failed to provide treatment for the ongoing pain and vision difficulties.  Continued eye pain and vision loss can constitute a serious medical condition.  Singleton v. Lopez, 577 Fed. Appx. 733, 735-36 (9th Cir. 2014).  As such, these allegations are sufficient on screening to establish a deliberate indifference to medical needs claim against defendants Mencias and Holt.

### i. Defendant Padilla

Despite including defendant Padilla as a defendant, plaintiff does not make any specific factual allegations as to defendant Padilla. (See ECF No. 1.) Plaintiff does mention a few doctors within his complaint but does not specify if any of those individuals is defendant Padilla.

Plaintiff has failed to allege sufficient facts to state a cognizable claim against defendant Padilla. Given that plaintiff was found to state a cognizable claim against defendants Mencias and Holt above, plaintiff will be given the option of proceeding on his cognizable claims or being given leave to file an amended complaint to state additional claims against defendant Padilla or any other defendant.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states cognizable Eighth Amendment claims against defendant Glady Mencias and defendant Jim Holt.
2. The complaint fails to state any other cognizable claims or defendants.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 30, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/hard0922.scrn_not

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>            Plaintiff,<br><br>   v.<br><br>CORRECTIONAL HEALTH SERVICES, et al.,<br><br>            Defendants. | No.  2:21-cv-00922 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference to medical needs claim against defendants Gladys Mencias and Jim Holt.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

                                                                     Brent Lee Harding<br>
                                                                      Plaintiff pro se