1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRENT LEE HARDING,                          No.  2:21-cv-00922 KJM DB P

12                    Plaintiff,

13          v.                                     ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    GLADYS MENCIAS,

15                    Defendants.

16

17          Plaintiff, a former county detainee[1] and current state prisoner proceeding pro se, has filed

18    a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendant has denied him

19    adequate medical care, in violation of his constitutional rights.  Before the court are plaintiff's

20    motion to appoint counsel (ECF No. 16) and defendant's motion to revoke plaintiff's in forma

21    pauperis status (ECF No. 18), which the court granted on December 28, 2021.  For the reasons set

22    forth below, plaintiff's motion to appoint counsel will be denied without prejudice and the

23    undersigned will recommend defendant's motion to revoke plaintiff's in forma pauperis status be

24    granted.

25    ////

26

27    _____

      [1] Plaintiff states that he was arrested and detained at the Sacramento County Jail on March 17,
28    2021, and transferred to the Rio Consumnes Correctional Facility on April 23, 2021. (ECF No. 8
      at 1.)

                                                    1

**APPOINTMENT OF COUNSEL**

Plaintiff filed a motion to appoint counsel on February 7, 2023.  (ECF No. 16.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  See Klein v. Williams, 714 F. App'x 631, 634 (9th Cir. 2017).

In the present case, the court does not find the required exceptional circumstances.  This litigation is still in the pleadings phase, making it difficult to ascertain plaintiff's likelihood of success on the merits.  Moreover, plaintiff has demonstrated an ability to articulate his legal claim, which is not particularly complex.  He alleges that defendant failed to provide him with adequate medical care by delaying treatment for skin cancer, denying him access to an eye specialist for unspecified vision issues, and failing to provide him with effective treatment for his eye pain.  He frequently uses the phrase "deliberate indifference" throughout his filings, reflecting a general familiarity with the applicable legal standard.  Accordingly, the motion to appoint counsel is denied without prejudice to its renewal at a later stage of the proceedings.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

////

1

2

3

4

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

6

28 U.S.C. § 1915(g).

7

8

9

10

11

12

13

14

15

16

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055. Dismissal for failure to state a claim is considered a strike for purposes of § 1915(g), regardless of whether the dismissal is with or without prejudice. Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).

17

18

### HAS PLAINTIFF ACCRUED THREE STRIKES?

19

20

21

22

23

24

25

26

27

28

Defendant has identified three cases that she believes disqualifies plaintiff under the PLRA's "three strikes" rule: (1) Harding v. Jones, E.D. Cal. No. 2:15-cv-1364 CKD P (complaint dismissed with leave to amend for failure to state a claim; case dismissed on September 3, 2015 for failure to state a claim, after the magistrate judge determined permitting plaintiff to file a second amended complaint would be "futile"); (2) Harding v. Sacramento County District Attorney, E.D. Cal. No. 2:15-cv-1890 CKD P (complaint dismissed with leave to amend for failure to state a claim; case dismissed on November 17, 2015 for failure to state a claim, after the magistrate judge determined permitting plaintiff to file a second amended complaint would be "futile"); and (3) Harding v. Eixenberger, E.D. Cal. No. 2:16-cv-0116 CKD P (complaint dismissed with leave to amend for failure to state a claim; case dismissed on March 22, 2016 for

3

1  failure to state a claim, after the magistrate judge determined permitting plaintiff to file a second
2  amended complaint would be "futile").

3      Each of these cases was dismissed for failure to state a claim before the complaint in the
4  present case was filed. They therefore apply to the present case as strikes for purposes of §
5  1915(g). As § 1915(g) does not constitute an affirmative defense, the district court is permitted to
6  revoke a plaintiff's in forma pauperis status sua sponte. Owens v. Soto, No. CV 16-3577, 2017
7  WL 626369, at *2 (C.D. Cal. 2017) (citing Andrews v. King, 398 F.3d 1113, 1119 (9th Cir.
8  2005)); Reynolds v. Chalmers, 3:20-cv-02081, 2021 WL 2665441, at *1 (S.D. Cal. 2021).
9  Consequently, Plaintiff may not proceed unless he can show he was "under imminent danger of
10 serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g).

11                    **IMMINENT DANGER OF SERIOUS PHYSICAL INJURY**

12      The availability of the imminent danger exception turns on the conditions a prisoner faced
13 at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at
14 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as
15 overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury
16 must be a real, present threat, not merely speculative or hypothetical. To meet his burden under §
17 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a
18 pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v.
19 Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm
20 are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the
21 "imminent danger" exception is available "for genuine emergencies," where "time is pressing"
22 and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).
23 "Denial of medical treatment 'may result in a pending imminent danger of serious physical injury
24 within the meaning of 28 U.S.C. § 1915(g).'" Jackson v. Bick, No. 2:15-cv-2066 DB P, 2017
25 WL 363017, at *2 (E.D. Cal. Jan. 24, 2017) (quoting Freeman v. Collins, No. 2:08-cv-0071, 2011
26 WL 1397594, at *5 (S.D. Ohio Apr. 12, 2011), op. adopted, 2011 WL 6339687 (S.D. Ohio Dec.
27 19, 2011)).

28 ////

In the present case, plaintiff alleges that defendant failed to provide adequate medical care for a cancerous growth on his eyelid, eye pain, and vision problems. (ECF No. 1 at 3-4; ECF No. 8 at 3-6.) According to the first amended complaint, filed in January 2022, the growth was removed in late 2021 and he was prescribed an ointment to treat his eye pain, after he filed the original complaint. (ECF No. 8 at 4.) As of January 2022, he still had not seen an ophthalmologist regarding his alleged vision problems. (Id. at 5.)

Defendant does not address whether plaintiff meets the imminent danger exception, but she does not bear the burden of disproving the existence of an imminent danger and this court may revoke in forma pauperis status sua sponte. Andrews v. King, 398 F.3d 1113, 1119–20 (9th Cir. 2005). Furthermore, although courts appear to disagree over whether the imminent danger analysis looks to the original complaint or an amended complaint, see Stephen v. Montejo, No. 2:18-cv-01796 KJM DB P, 2020 WL 3120004, at *3 (E.D. Cal. Jun. 12, 2020), the undersigned has determined that the correct test weighs conditions at the time of the original complaint's filing and will assess plaintiff's condition as it existed on May 3, 2021,[2] when he initiated this lawsuit. See id. at *4.

Plaintiff alleges two conditions that potentially establish an imminent danger: (1) the cancerous growth on his eyelid, and (2) his eye pain and vision problems. Neither condition, as described in the original complaint, creates an imminent danger.

Plaintiff has not pleaded facts that would allow this court to conclude that his eye pain and vision problems present an imminent risk of serious bodily injury, such as blindness. Plaintiff appears to have attributed his eye pain to the growth on his eyelid. (ECF No. 1 at 4.) On its own, then, the pain does not pose an imminent danger. Plaintiff also failed to describe the nature of his vision issues, and did not claim that the condition worsened from the time of his arrest to the time of filing. Absent further information, any threat of blindness or other serious physical injury from these conditions remains hypothetical. Cf. Bick, 2017 WL 363017, at *2 (finding that plaintiff

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1    met imminent danger exception, where he alleged that prison staff denied him appropriate

2    treatment for cataracts and glaucoma and that he was experiencing deteriorating vision, "eye pain,

3    blurred vision, floaters, and black spots.").

4           Plaintiff's pleadings regarding the growth also fail to show an imminent danger.  It is clear

5    that, at the time of filing, the growth had been diagnosed as skin cancer and had not been

6    removed, but the original complaint lacks key information. For example, plaintiff does not

7    identify who diagnosed it as skin cancer and when.  Had plaintiff known before his arrest that the

8    growth was cancerous but failed to take available steps to initiate treatment, it would cast doubt

9    on the imminence of the alleged threat it posed.  The original complaint also asserts that

10   corrections staff told him before May 3 that he would see a dermatologist "in the future," but does

11   not specify whether, as of filing, he had already met with the dermatologist, if an appointment had

12   been scheduled for a future date, or if he was still waiting for staff to schedule an appointment.

13   (ECF No. 1 at 4.)  Plaintiff later clarified in his amended complaint that he saw the dermatologist

14   on June 9, 2021, but the original complaint controls.  (ECF No. 8 at 2.)  Had medical staff

15   scheduled the dermatological appointment prior to filing, the danger posed by plaintiff's growth

16   would have been less imminent, as it would reduce the likelihood of the growth going untreated

17   and causing further complications.  The original complaint is similarly silent on whether a surgery

18   date had been scheduled before May 3, which might have lessened the risk of imminent danger,

19   depending on how long it required plaintiff to wait for treatment.  Given these deficiencies and

20   the limited information provided in the original complaint, the undersigned finds that plaintiff did

21   not plead an imminent danger of serious bodily injury.

22          For these reasons, plaintiff has not established an exception to the three-strikes rule of §

23   1915(g). Therefore, the court will recommend that plaintiff's in forma pauperis status be revoked.

24          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

25   counsel (ECF No. 16) is denied.

26          IT IS HEREBY RECOMMENDED that:

27          1.  Plaintiff's in forma pauperis status be revoked; and

28          2.  Plaintiff be ordered to pay the full filing fee for this action ($402) within fourteen days

1    from the date of any order adopting these findings and recommendations and be

2    warned that failure to do so will result in the dismissal of this action.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

5    after being served with these findings and recommendations, plaintiff may file written objections

6    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

7    and Recommendations."  Failure to file objections within the specified time may waive the right

8    to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    Dated:  May 15, 2023

10

11

12                                              DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
13

14   DB:15
     DB/DB Prisoner Inbox/Civil Rights/S/hard0922.revokeifp

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7