UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL HEALTH SERVICES, et al.,<br><br>    Defendants. | No. 2:21-cv-00922 KJM SCR P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 16, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 20 days. *See* F&Rs, ECF No. 23. No party filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law

/////

1

by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court **declines to adopt** the findings and recommendations.

Plaintiff asks to proceed in forma pauperis, which the magistrate judge recommends denying because plaintiff is a "three-striker" under 28 U.S.C. § 1915(g). *See* F&Rs at 3–4. The magistrate judge cites plaintiff's prior cases that were dismissed for failure to state a viable claim and when amendment would have been futile, and then concludes plaintiff has not properly alleged imminent physical danger. *See id.* at 3–6. The issue here is whether plaintiff has properly alleged imminent physical danger, and the court concludes he has.

Section 1915 does not permit a "three-striker" to proceed in forma pauperis unless he alleges an imminent danger of serious physical injury. *Andrew v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit has explained that "imminent" danger means an allegation of "an ongoing danger." *Id.* at 1056 (citation omitted). As a result, an allegation that "prison officials continue with a practice that has injured [plaintiff] or others similarly situated in the past will satisfy the 'ongoing danger' standard." *Id.* at 1057 (citation omitted). That allegation must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). As the Ninth Circuit has recognized, the court "must liberally construe [a pro se plaintiff's] allegations." *See Andrews v. Cervantes*, 493 F. 3d 1047, 1055 (9th Cir. 2007) (citations omitted).

Plaintiff's complaint alleges he had "a growth below [his] left eye that was diagnosed as skin cancer" and "that [he] was waiting for treatment [but] was not seen at intake or after housing." Compl. at 3, ECF No. 1. He alleges he "informed staff that the area in question not only was causing pain but affecting [his vision]" and that "[he] was told [he] would just have to deal with it." *Id.* at 4. Plaintiff also complains of deliberate indifference to his gluten allergy as well as issues with his back and leg. *See id.* at 3–4. The magistrate judge "determined that the correct test [regarding the imminent danger exception] weighs conditions at the time of the original complaint's filing and will assess plaintiff's condition . . . when he initiated this lawsuit," F&Rs at 5. The magistrate judge also noted that "the growth [on plaintiff's left eye] was removed in late 2021 and he was prescribed an ointment to treat his eye pain, after he filed the original

2

1   complaint," but "[a]s of January 2022, he still had not seen an ophthalmologist regarding his
2   alleged vision problems." *Id*.  The court finds the allegations in the complaint satisfy the
3   imminent danger exception as plaintiff complains of several physical maladies, including skin
4   cancer, for which he alleges he had not received treatment and to which prison staff expressed
5   indifference.  *See* Compl. at 4; *see Jackson v. Bick*, 2017 WL 363017, at *2 (E.D. Cal. Jan. 24,
6   2017).  Although the court recognizes the magistrate judge's concern regarding the limited details
7   plaintiff provides in the complaint regarding his medical conditions and lack of treatment, the
8   court construes the pro se plaintiff's allegations liberally and finds the exception is met.  Because
9   the magistrate judge has not yet screened the complaint as required by the in forma pauperis
10  statute, *see* 28 U.S.C. § 1915(e)(2), the court refers this matter back to the assigned magistrate
11  judge.

      Accordingly, IT IS HEREBY ORDERED as follows:

      1.  The findings and recommendations (ECF No. 23) are NOT adopted; and

      2.  This matter is referred back to the magistrate judge for further pretrial proceedings consistent with this order.

DATED:  September 19, 2024.

                        CHIEF UNITED STATES DISTRICT JUDGE

3