UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL HEALTH SERVICES, et al.,<br><br>    Defendants. | No. 2:21-cv-0922 KJM SCR P<br><br>ORDER |

    Plaintiff, a former county jail inmate currently confined in state prison, proceeds pro se and in forma pauperis ("IFP"), and has requested appointment of counsel. On September 20, 2024, the district judge declined to adopt findings and recommendations by the magistrate judge previously assigned to this case to revoke plaintiff's IFP status (the "September 20 Order"). (See ECF Nos. 23, 40.) The district judge referred the matter back to the undersigned for further pretrial proceedings consistent with the September 20 Order.

    <u>IFP Matters</u>

    Pursuant to the September 20 Order, defendant Mencias' motion to revoke IFP status is denied and plaintiff continues under the IFP status previously granted in this case. (See ECF No. 6.) The operative first amended complaint has been screened as required by the IFP statute, 28 U.S.C. § 1915(e)(2). (See ECF Nos. 8, 9.)

While the findings and recommendations to revoke plaintiff's IFP status were pending before the district judge, the court costs of $405 for a civil action, consisting of the $350 filing fee and the $55 administrative fee, were paid on plaintiff's behalf on June 6, 2023. Although plaintiff's IFP status continues, the court acknowledges full payment of the $350 filing fee has been received. Accordingly, CDCR shall stop deducting payments for this case from plaintiff's account[1] and the Clerk of the Court shall refund to plaintiff any amount of payments received over $350 for this case.

Request for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority, pursuant to 28 U.S.C. § 1915, to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS ORDERED as follows:

1. Pursuant to the September 20 Order, defendant Mencias' motion to revoke plaintiff's IFP status (ECF No. 18) is denied and plaintiff's IFP status continues.

2. The court acknowledges full payment of the $350 filing fee for this case and directs

---

[1] When the court grants leave to proceed IFP, an incarcerated plaintiff is still required to pay the $350.00 filing fee but is allowed to pay it in installments. See 28 U.S.C. § 1915(b)(1). Litigants proceeding IFP are not required to pay the $55.00 administrative fee.

CDCR to stop taking payments for this case.

3. The Clerk of the Court shall refund to plaintiff any payments over $350 received for this case.

4. The Clerk of the Court shall serve the CDCR Trust Department and Financial with the order.

5. Plaintiff's motion for the appointment of counsel (ECF No. 41) is denied.

DATED: October 2, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE