1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    BRENT HARDING,                            No.  2:21-cv-00922 KJM SCR P

11                      Plaintiff,

12           v.                                 ORDER

13    GLADYS MENCIAS, et al.,

14                      Defendants.

15

16

17          Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with claims under 42

18    U.S.C. § 1983 for Eighth Amendment deliberate indifference to medical needs. Plaintiff's

19    "motion for discovery assistance" is before the court.  (ECF No. 45.)  For the reasons set forth

20    below, the motion is denied.

21          **I.      Background**

22          In its discovery and scheduling order dated July 5, 2024, the court ordered discovery to

23    close on November 8, 2024, and set a pretrial motion deadline of January 31, 2025.  (ECF No.

24    35.)  On December 26, 2024, Plaintiff filed a "motion for discovery assistance" requesting the

25    court's assistance in obtaining copies of defendants' personnel files, specifically "the disciplinary

26    portion of the files as well as any and all grievances filed against said defendants[.]"  (ECF No.

27    45.)  On January 16, 2024, defendant Mencias filed an opposition to plaintiff's motion on grounds

28    plaintiff never served either defendant with any discovery, served his motion after discovery was

                                                   1

1    closed, and failed to meet and confer as required by the Federal Rules of Civil Procedure.  (ECF

2    No. 46 at 1-2; Declaration of Ashley Calvillo ("Calvillo Decl."), ¶¶ 2-4, ECF No. 47.)  Plaintiff

3    did not file a reply.  Defendant Holt has not opposed plaintiff's motion.

4       **II.    Discussion**

5       Because plaintiff did not timely serve discovery requests for the items at issue, the relief

6    sought falls outside the proper scope of a motion to compel under Rule 37 of the Federal Rules of

7    Civil Procedure.  As relevant here, Rule 37 allows a party seeking discovery to move for an order

8    compelling production or inspection if the opposing party has failed to produce documents or

9    failed to permit inspection as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The court

10   instead construes plaintiff's motion as encompassing a request that discovery be reopened for the

11   purpose of allowing plaintiff to serve discovery requests, to which defendants would then have to

12   reply.

13      Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for

14   modification of a court's pretrial scheduling order.  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s 'good

15   cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson

16   v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the

17   modification 'was not diligent, the inquiry should end' and the motion to modify should not be

18   granted."  Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

19   Johnson, 975 F.2d at, 609).  In determining whether good cause exists to reopen discovery, courts

20   may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is

21   opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party

22   was diligent in obtaining discovery within the guidelines established by the court, (5) the

23   foreseeability of the need for additional discovery in light of the time allowed for discovery by

24   the district court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex

25   rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other

26   grounds, 520 U.S. 939 (1997).

27      The court does not find good cause to modify its scheduling and discovery order.  Plaintiff

28   did not ask defendants to produce the requested documents within the timelines established by the

1    court.  Further, the court questions whether plaintiff's request for defendants' personnel files is

2    relevant to plaintiff's Eighth Amendment deliberate indifference to medical needs claim or

3    proportional to the needs of his case.  See Fed. R. Civ. P. 26(b)(1).  Lastly, both defendant Holt

4    (ECF No. 50) and defendant Mencias (ECF No. 51) have filed motions for summary judgment

5    and would be prejudiced by reopening discovery at this stage.

6         **III.    Federal Rule of Civil Procedure 56(d)**

7         If plaintiff cannot present facts essential to justify his oppositions to defendants'

8    respective motions for summary judgment, plaintiff can file a motion for additional time to

9    conduct discovery under Federal Rule of Civil Procedure 56(d).  Plaintiff's motion under Rule

10   56(d) must include a signed declaration explaining why plaintiff did not obtain the evidence

11   earlier in the proceedings (i.e., "good cause") and how the evidence sought will support plaintiff's

12   oppositions to defendants' respective motions for summary judgment.  Fed. R. Civ. P. 56(d);

13   Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Plaintiff must

14   explain what "*specific* evidence [he] hopes to discover and the relevance of that evidence" to his

15   Fourteenth Amendment medical indifference claim.  See Stevens v. Corelogic, Inc., 899 F.3d

16   666, 678 (9th Cir. 2018) (emphasis in original).

17        **IV.    Conclusion**

18        In accordance with the above, IT IS ORDERED as follows:

19        1.  Plaintiff's motion for discovery assistance (ECF No. 45) is denied.

20   DATED: February 5, 2025

21

22

23   _____
     SEAN C. RIORDAN
24   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3